Robert L. Brace, State Bar No. 122240
rlbrace@rusty.lawyer
115 E. Islay Street
Santa Barbara, CA 93101
Telephone:  (805) 845-8211

Michael P. Denver, State Bar No. 199279
mpdenver@hbsb.com
HOLLISTER & BRACE,
a Professional Corporation
1126 Santa Barbara Street
Santa Barbara, CA  93101
Telephone: (805) 963-6711
Facsimile:   (805) 965-0329

Attorneys for Plaintiffs
and all others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOHN WALTER MADISON, et al.,

                              Plaintiffs,

vs.

JOEL BARRY GILLIS, et al.,

                              Defendants.

Case No. 5:16-cv-00502-SJO (FFMx)

**JOINT STATUS REPORT**

**Hearing Date: May 15, 2017**
**Time:            8:30 a.m.**
**Courtroom:    1**
**Judge:          S. James Otero**

### Plaintiffs' Position

Plaintiffs and non-defaulted Defendants City National Bank, N.A. ("CNB"), Patrick Brian Fitzwilliam and Betty Saleh (the "Defendants") have not settled.

The matter needs to proceed. The parties submit this joint statement on the issues needing to be resolved by the Court.

1

## I. Recent Events

The state court class action (*Nairn v. City National Bank*) has been dismissed with prejudice and the named NASI investor plaintiffs ordered to pay CNB's attorneys fees. For convenience, a copy of the motion hearing transcript is attached hereto.  A new state court class action has been filed by the same counsel in *Nairn* and it is entitled *Payne v. City National Bank*. The new *Payne* complaint does not allege any duty owed to NASI investors by CNB arising out of CNB's compliance or lack of compliance to the obligations articulated in the Bank Secrecy Act ("BSA").

The Federal Court Receiver's state court causes of action in *Hoffman v. City National Bank* are subject to a motion to dismiss based on in pari delicto which was tentatively granted by Judge Highberger. However, that prior tentative decision is now subject to further briefing after Judge Highberger reviewed Hoffman's sur-reply. So it is undermined, at this time, if the *Hoffman* matter will be proceeding in state court.

An individual action comprised of approximately 48 NASI investors and entitled *Allison v. City National Bank* is pending in state court in front of Judge Highberger. The *Allison* action remains subject to anticipated motions by CNB to dismiss and strike.

The Madison Plaintiffs contend that Judge Highberger's opinion in *Nairn* supports the sustainability of the operative complaint in *Madison*. CNB's alleged knowledge in the case before this Court is predicated, in part, on the knowledge of Brian Fitzwilliam, the branch manager and an Officer of CNB who made approximately $250,000 off the NASI Ponzi scheme while being the employee at the bank with direct oversight over the NASI bank accounts. Plaintiffs' complaint, as contrasted to the *Nairn* complaint, does not invoke a breach of duty or knowledge derived from CNB's mandatory compliance with the Bank Secrecy Act.

**JOINT STATUS REPORT**
**Case No. 5:16-cv-00502-SJO(FFMx)**

**II. Jurisdiction in Federal Court**

The Plaintiffs contend that their case before this Court is proper based on RICO as to the defaulted defendants and supplemental jurisdiction and CAFA as to CNB and the non-defaulted Defendants. As to those Defendants, both basis of jurisdiction alleged by Plaintiffs are discretionary with this Court. The non-defaulted Defendants are now requesting that this Court decline to exercise jurisdiction, dismiss the case, leaving the Plaintiffs to re-file in state court. The Plaintiffs oppose dismissal. However if the Court is so inclined, they request that dismissal include reference to 28 U.S.C.A. section 1367(d) which provides for tolling of applicable statutes of limitations from the date Plaintiffs filed their original complaint in this Court.

**III. Motions**

A schedule needs to be set for the following tasks requested by Plaintiffs:

- Continued Federal Court jurisdiction should be resolved first. If the Court declines to exercise jurisdiction on its own motion or grants the Defendants' Motion to Dismiss for Lack of Jurisdiction, Plaintiffs' request the dismissal include reference to section 1367(d).

- Assuming the case remains in Federal Court, the Plaintiffs request leave to file an Application for Guardian ad Litem as to at least one named Plaintiff who, Plaintiffs' counsel believes, is quite elderly and has capacity concerns.

- Assuming the case remains in Federal Court, the Plaintiffs also request leave to amend the operative complaint to: (i) reflect the appointment of a Guardian ad Litem, (ii) change the name of a Plaintiff trustee because the predecessor trustee has passed, (iii) add a cause of action for violation of California Penal Code § 496, (iv) add a claim for violation of the California securities laws, and (v) include additional factual evidence establishing Defendants'

knowledge of the Ponzi scheme at NASI based on jail house interviews with Joel Gillis and Ed Wishner.  Plaintiffs have asked Defendants to stipulate to allow the amended pleading to be filed and Defendants' have not agreed.

- Assuming the case remains in Federal Court, the Plaintiffs request that class certification be deferred until resolution of the jurisdictional issue and any motions to dismiss or strike. The schedule can be set after the case is at issue, if it is.

- Assuming the case remains in Federal Court, the Plaintiffs do request leave to file a motion to be appointed interim class counsel as the appointment in that role on an interim basis would be appropriate.

**IV. Discovery needed to Preserve Evidence**

Gillis and Wishner are in prison. They are older, diminished and visibly declining in health. Plaintiffs request that leave be granted now to file a motion to obtain the needed order to allow the taking of their depositions in prison to preserve their testimony regardless of which court the *Madison* action proceeds. The two depositions would be taken as soon as possible.

<strong>Defendants' Position</strong>

As Plaintiffs note, there are four NAS-related actions pending before Judge William Highberger of the Los Angeles Superior Court.  There is a fifth NAS-related action also pending in the Los Angeles Superior Court titled *Payne v. City National Bank*, and City National has filed a Notice of Related Case, identifying the *Payne* case as related to this case and the other four NAS-related cases currently before Judge Highberger.

City National plans to file a motion asking that this Court decline to exercise supplemental jurisdiction or discretionary Class Action Fairness Act

jurisdiction over the putative class' claims in this matter.   The Fitzwilliam Defendants intend to join in City National's motion.

As suggested by Plaintiffs, City National believes that it would be efficient for that jurisdictional motion to be heard first.   Accordingly, at the status conference, City National will ask the Court for leave to file its jurisdictional motion first, with any other Rule 12 motion or Anti-SLAPP Motion deadlines deferred for all defendants until after the Court rules on the jurisdictional challenge.   The jurisdictional issue is simple and discrete, and it would be more efficient for the Court and the parties if the multitude of other Rule 12 and Anti-SLAPP issues raised by Plaintiffs' complaint did not need to be addressed until the jurisdictional issue is resolved.   The Fitzwilliam Defendants, for example, intend to move to dismiss under Rule 12(b) and under Rule 12(f).

In their portion of this Joint Status Report, Plaintiffs state that they wish to make further amendments to their complaint.   Plaintiffs have not provided a proposed Second Amended Complaint.   Accordingly, Defendants are not currently in a position to fully assess if the proposed amendments may be futile. Indeed, while Plaintiffs contend that they will amend based on the results of a jailhouse interview or interviews, they have declined to provide their notes of that interview or those interviews.   As Defendants understand things, Plaintiffs do not contend that the amendment impacts the propriety of the exercise of supplemental jurisdiction.   Accordingly, Defendants request that the amendment issue be resolved after a determination is made on the jurisdictional issue.

Defendants do not agree with the entirety of Plaintiffs' description of the allegations of the operative complaints in this action, the *Payne* action and the *Nairn* action.   However, Defendants do not believe that those disagreements will be germane to the upcoming Status Conference, and consequently do not list them here.

**JOINT STATUS REPORT**
**Case No. 5:16-cv-00502-SJO(FFMx)**

**Plaintiffs and Defendants jointly propose the following schedule:**

| Event | Date |
| --- | --- |
| Deadline for filing Plaintiffs' Motion to Depose Wishner and Gillis in Prison. | _____, 2017 |
| Deadline for Filing Defendants' Motion to Dismiss for Lack of Jurisdiction. | _____, 2017 |
| Deadline for Plaintiffs to File Motions to Appoint Guardian ad Litem for one named plaintiff, to be Appointed Class Counsel on an Interim Basis, and to Amend Pleadings to add causes of action and conform pleadings to proof and death of a trustee. | 20 days after court rules to retain jurisdiction, if it does |
| Deadline for Filing Defendants' Motions to Dismiss or Strike under Rule 12(b), under California Code of Civil Procedure § 425.16 or otherwise | 30 days after either the court denies plaintiffs' motion to amend or plaintiffs' Second Amended Complaint is served |
| Rule 26 Conference | 30 days after case at issue, if ever |

**JOINT STATUS REPORT**
**Case No. 5:16-cv-00502-SJO(FFMx)**

Dated: May 5, 2017                    HOLLISTER & BRACE, P.C.

                                      By:  /s/ *Michael P. Denver*
                                      _____
                                        Michael P. Denver

                                      *Attorneys for Plaintiffs and all*
                                      *others similarly situated*

Dated: May 5, 2017                    MCKOOL SMITH HENNIGAN, P.C.


                                      By: /s/ *Michael Swartz*
                                      _____
                                        Michael Swartz

                                      *Attorneys for Defendant City National*
                                      *Bank, N.A.*

Dated: May 5, 2017                    BLECHER COLLINS & PEPPERMAN


                                      By: /s/ *Howard K. Alperin*
                                      _____
                                        Howard K. Alperin

                                      *Attorneys for Defendants Patrick*
                                      *Brian Fitzwilliam and Betty Saleh*


    I declare that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.


                                      /s/ *Michael P. Denver*
                                      _____
                                        Michael P. Denver

**JOINT STATUS REPORT**
**Case No. 5:16-cv-00502-SJO(FFMx)**