Robert L. Brace, State Bar No. 122240
rlbrace@rusty.lawyer
115 E. Islay Street
Santa Barbara, CA 93101
Telephone: (805) 845-8211

Michael P. Denver, State Bar No. 199279
mpdenver@hbsb.com
HOLLISTER & BRACE,
a Professional Corporation
1126 Santa Barbara Street
Santa Barbara, CA 93101
Telephone: (805) 963-6711
Facsimile:  (805) 965-0329

Attorneys for Plaintiffs
and all others similarly situated

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN WALTER MADISON, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JOEL BARRY GILLIS, et al.,<br><br>Defendants. | Case No. 5:16-cv-00502-SJO (FFMx)<br><br>**NOTICE OF DISMISSAL AND STIPULATION OF DISMISSAL** |

Plaintiffs and non-defaulted Defendants City National Bank, N.A. ("CNB"), Patrick Brian Fitzwilliam and Betty Saleh Fitzwilliam stipulate that the operative complaint in this action (Docket No. 14) shall be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure ("FRCP") based on the following stipulated facts:

///

///

**Stipulated Facts**

1.  On March 18, 2016 the Plaintiffs filed a class action complaint (hereinafter the "Federal Class Action") as Docket No. 1 against Joel Barry Gillis ("Gillis") and Edward Wishner ("Wishner") alleging liability arising out of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and state based claims arising out of the same operative facts as the RICO claim. Pursuant to 28 U.S.C. §1367, the Plaintiffs also named as Defendants CNB, Patrick Brian Fitzwilliam and Betty Saleh Fitzwilliam alleging liability against them for state based claims that are allegedly so related to the RICO claims that they form part of the same case or controversy.

2.  Plaintiffs also asserted diversity jurisdiction against all Defendants pursuant to 28 U.S.C. §1332 because the matter at issue involves a controversy exceeding the monetary sum of $5,000,000 and it is a class action in which certain members of the class of Plaintiffs are citizens of a state different from the Defendants.

3.  On April 15, 2016 the Plaintiffs filed a First Amended Complaint (Docket No. 14).

4.  There are currently pending in the Superior Court for the State of California, County of Los Angeles, five (5) actions arising out of the same general set of operative facts as the Federal Class Action and they are:

(i) Michael Payne, et al. v. City National Bank, N.A., et al, Case No. BC641712 ("Payne Case"), a purported class action filed after the Federal Class Action;

(ii) William J. Hoffman, NASI Receiver v. City National Bank, N.A., et al, Case No. BC624542 ("Hoffman case");

(iii) Peggy Allison, et al. v. City National Bank, N.A., et al. Case No. BC634285 ("Allison case");

    (iv)    Marvin Tarnol, et al. v. City National Bank, N.A., et al, Case No. BC641712 ("Tarnol case"); and

    (v)    The cross-action in William J. Hoffman, Receiver v. Mark Soffa, et al. Case No. BC636780 ("Soffa case").

5. The Superior Court recently dismissed Robert Nairn, et al. v. City National Bank, et al. Case No. 606667 ("Nairn case") which was a purported class action filed before the Federal Class Action asserting similar claims on behalf of a largely overlapping class of persons.

6. Gillis and Wishner were served and failed to appear. A notice of default has been entered by the Plaintiffs. As to Defendants CNB, Patrick Brian Fitzwilliam and Betty Saleh Fitzwilliam, there has been no motion for class certification filed pursuant to stipulation, and the Defendants have not responded to the complaint or filed a motion for summary judgment. The matter has been repeatedly stayed pursuant to multiple stipulations to afford opportunities to settle.

7. The Plaintiffs hereby give notice to Gillis and Wishner that the action is dismissed against them without prejudice pursuant to FRCP Rule 41(a)(1)(A)(i).

8. Absent this stipulation, Defendants CNB, Patrick Brian Fitzwilliam and Betty Saleh Fitzwilliam intend to file a motion to dismiss Plaintiffs' complaint for lack of Federal Court jurisdiction based on the court's discretion to decline exercising jurisdiction. These defendants contend that the state law claims against them substantially predominate over the RICO claims against Gillis and Wishner who have failed to appear to defend themselves. The Defendants also contend that the court should decline to exercise diversity jurisdiction over the Federal Class Action pursuant to 28 U.S.C. § 1332 (d)(3) because other related actions are pending in a California State court, the majority

of the class members reside in California and the citizenship of the other members of the proposed class is dispersed among a substantial number of States.

9. Absent this stipulation, Plaintiffs intend to file a Motion in the Federal Class Action seeking leave to file an amended complaint which, among other things, alleges two new causes of action based on previously alleged facts. The two new causes of action to be alleged by Plaintiffs are: (i) violation of California securities laws in Corporations Code §§ 25110, 25401, and 25504.1 and (ii) violation of California Penal Code § 496 (c). Plaintiffs intend to rely on the relation back doctrine.

### Stipulations

In furtherance of efficiency, the preservation of resources, to avoid judicial duplication and inconsistent rulings and to preserve the rights of the parties and the putative class members as they exist by virtue of the filing of the Federal Court Class Action, the parties agree and stipulate as follows:

1. Plaintiffs give notice that the Federal Class Action filed against Defendants Gillis and Wishner is to be dismissed without prejudice pursuant to FRCP Rule 41;

2. The Federal Class Action against Defendants CNB, Patrick Brian Fitzwilliam and Betty Saleh Fitzwilliam shall be dismissed by Court order without prejudice pursuant to FRCP Rule 41 (a) (2), 28 U.S.C. §1332 (d) (3), and 28 U.S.C. §1367 (d) with all parties to the stipulation bearing their own fees and costs;

3. Provided the Plaintiffs file a new State Court Class Action in the Superior Court for the State of California in Los Angeles, California within thirty (30) days of the entry of the order dismissing the Federal Class Action pursuant

1  to this stipulation, the terms of 28 U.S.C. § 1367(d) shall apply such that the
2  statute of limitations period for any claims pleaded in the Federal Class Action
3  shall be tolled while the claims were pending in federal court and for a period of
4  30 days after the Federal Class Action is dismissed; and the filing date, for statute
5  of limitations purposes, of the claims in the new State Court Class Action that
6  were also dismissed claims from the Federal Class Action shall be deemed by the
7  parties to this stipulation to be the filing date of the Federal Class Action which
8  was March 18, 2016.

9      4.    Plaintiffs retain all other legal and equitable rights and arguments for
10  tolling of statutes of limitations for themselves and the putative class.

11      5.    All rights and liabilities of the parties, including the members of the
12  putative class, shall be determined in the newly filed State Court Class Action as
13  if the original complaint filed in the Federal Class Action (Docket #1) had been
14  filed in the State Superior Court in Los Angeles on March 18, 2016, including
15  any stipulations concerning tolling entered into between the parties in the Federal
16  Class Action.

17      6.    The Plaintiffs' rights, if any, to file the new State Court Class Action
18  with the two additional causes of action for: (i) violation of California securities
19  laws in Corporations Code §§ 25110, 25401, and 25504.1 and (ii) violation of
20  California Penal Code § 496 (c) and the Defendants' defenses thereto shall not be
21  affected by the dismissal of the Federal Court Class Action.  The Plaintiffs'
22  ability to rely on the relation back doctrine and the Defendants' defenses thereto
23  shall be determined by the court in the newly filed State Court Class Action as if
24  the original complaint filed in the Federal Class Action (Docket #1) had been
25  filed in the State Superior Court in Los Angeles on March 18, 2016.  Any
26  agreements on tolling with respect to the Federal Court Class Action shall
27  continue to apply to tolling of claims asserted in the State Court Class Action.
28

**IT IS SO STIPULATED:**

Dated: May 23, 2017         By:  /s/ *Robert L. Brace*
                                 Robert L. Brace
                                 *Attorneys for Plaintiffs and all others similarly situated*

Dated: May 23, 2017         HOLLISTER & BRACE, P.C.

                            By:  /s/ *Michael P. Denver*
                                 Michael P. Denver

                            *Attorneys for Plaintiffs and all others similarly situated*

Dated: May 23, 2017         MCKOOL SMITH HENNIGAN, P.C.

                            By: /s/ *Michael Swartz*
                                Michael Swartz

                            *Attorneys for Defendant City National Bank, N.A.*

Dated: May 23, 2017         BLECHER COLLINS & PEPPERMAN

                            By: /s/ *Howard K. Alperin*
                                Howard K. Alperin

                            *Attorneys for Defendants Patrick Brian Fitzwilliam and Betty Saleh*

I declare that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

                            /s/ *Michael P. Denver*
                            Michael P. Denver