Robert L. Brace, State Bar No. 122240
rlbrace@rusty.lawyer
115 E. Islay Street
Santa Barbara, CA 93101
Telephone: (805) 845-8211

Michael P. Denver, State Bar No. 199279
mpdenver@hbsb.com
HOLLISTER & BRACE,
a Professional Corporation
1126 Santa Barbara Street
Santa Barbara, CA 93101
Telephone: (805) 963-6711
Facsimile: (805) 965-0329

Attorneys for Plaintiffs
and all others similarly situated

JS-6

FILED
CLERK, U.S. DISTRICT COURT
May 30, 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WALTER MADISON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JOEL BARRY GILLIS, et al., <br><br> Defendants. | Case No. 5:16-cv-00502-SJO (FFMx) <br><br> [PROPOSED] ORDER ON STIPULATION OF DISMISSAL |

Based on the stipulation of the parties lodged concurrently, it is hereby ordered that:

1. The Federal Class Action filed against Defendants Gillis and Wishner is hereby dismissed without prejudice pursuant to FRCP Rule 41;

2. The Federal Class Action against Defendants City National Bank, N.A., Patrick Brian Fitzwilliam and Betty Saleh Fitzwilliam is dismissed without prejudice pursuant to FRCP Rule 41 (a) (2), 28 U.S.C. § 1332 (d) (3), and 28

U.S.C. §1367 (d) with all parties to the stipulation bearing their own fees and costs;

3. Provided the Plaintiffs in the Federal Class Action file a new State Court Class Action in the Superior Court for the State of California in Los Angeles, California within thirty (30) days of the entry of this order dismissing the Federal Class Action pursuant to the stipulation, the terms of 28 U.S.C. § 1367(d) shall apply such that the statute of limitations period for any claims pleaded in the Federal Class Action shall be tolled while the claims were pending in federal court and for a period of 30 days after the Federal Class Action is dismissed; and the filing date, for statute of limitations purposes, of the claims in the new State Court Class Action that were also dismissed claims from the Federal Class Action shall be deemed by the parties to be the filing date of the Federal Class Action which was March 18, 2016.

4. Plaintiffs retain all other legal and equitable rights and arguments for tolling of statutes of limitations for themselves and the putative class.

5. All rights and liabilities of the parties, including the members of the putative class, shall be determined in the State Court Class Action as if the original complaint filed in the Federal Class Action had been filed in the State Superior Court in Los Angeles on March 18, 2016, including any stipulations concerning tolling entered into between the parties in the Federal Class Action.

6. The Plaintiffs' rights, if any, to file the new State Court Class Action with the two additional causes of action for: (i) violation of California securities laws in Corporations Code §§ 25110, 25401, and 25504.1 and (ii) violation of California Penal Code § 496 (c) and the Defendants' defenses thereto shall not be affected by the dismissal of the Federal Court Class Action.  The Plaintiffs' ability to rely on the relation back doctrine and the Defendants' defenses thereto shall be determined by the court in the newly filed State Court Class Action as if the original complaint filed in the Federal Class Action (Docket #1) had been

1 filed in the State Superior Court in Los Angeles on March 18, 2016. Any
2 agreements on tolling with respect to the Federal Court Class Action shall
3 continue to apply to tolling of claims asserted in the State Court Class Action.

**IT IS SO ORDERED.**

Dated: May 30, 2017

By /s/ S. James Otero
Hon. S. James Otero
United States District Judge